465 So.2d 490 (1985)
Kayle Barrington BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 63594.
Supreme Court of Florida.
January 31, 1985.
Rehearing Denied March 25, 1985.
*491 Michael E. Allen, Public Defender, and David A. Davis, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Andrew Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Kayle Bates appeals his conviction of first-degree murder and sentence of death. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and affirm his conviction, but remand for resentencing.
A four-count indictment charged Bates with first-degree murder, kidnapping, sexual battery, and armed robbery. Bates abducted a woman from her office, took her into some woods behind the building, attempted to rape her, stabbed her to death, and tore a diamond ring from one of her fingers. The jury convicted Bates of first-degree premeditated murder, kidnapping, attempted sexual battery, and armed robbery and recommended the death sentence. The judge agreed and sentenced him to death for the homicide, to two terms of life imprisonment for the kidnapping and armed robbery, and to fifteen years for the attempted sexual battery.
As his first point on appeal, Bates claims that the trial court erred in adjudging him guilty of robbery, attempted sexual battery, and kidnapping because the jury acquitted him of felony murder. Essentially, this rather confused and confusing argument boils down to a claim that the jury rendered inconsistent verdicts. On its verdict form for the first count the jury could pick one of eighteen possible choices, ranging from first-degree premeditated murder to not guilty. That the jury found sufficient evidence of premeditation to convict Bates of first-degree premeditated murder does not mean that it acquitted him of felony murder  it simply made a choice, as instructed. We hold that substantial competent evidence supports all of the convictions and find this point to be without merit.
Bates also contends that the evidence shows that he abandoned the attempt to commit a sexual battery and that, therefore, he could not be convicted of that *492 crime. Notwithstanding the failure to raise this defense at trial, the evidence shows that Bates "abandoned" the sexual battery because he experienced a premature ejaculation. We do not find this occurrence to be the "complete and voluntary renunciation of his criminal purpose" so as to constitute a defense under subsection 777.04(5)(a), Florida Statutes (1981).
Similarly unavailing is Bates' argument that the state failed to prove armed robbery because, since he claims that he took the ring after the victim's death, the state did not show that it had been taken "by force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (1981). Bates had the victim's ring in his pocket when arrested, and evidence introduced at trial showed that the victim's finger had been injured when the ring was removed. As we stated in McCloud v. State, 335 So.2d 257, 258 (Fla. 1976), "[a]ny degree of force suffices to convert larceny into a robbery." We find Bates' argument to be without merit. But for the force and violence used against and done to the victim, Bates would not have obtained her ring. The evidence supports the conviction of armed robbery. See Ferguson v. State, 417 So.2d 631 (Fla. 1982); Hallman v. State, 305 So.2d 180 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976).
In sentencing Bates to death the trial court found that the following aggravating circumstances had been established: 1) committed during the commission of three felonies; 2) committed for the purpose of avoiding or preventing arrest; 3) committed for pecuniary gain; 4) especially heinous, atrocious, and cruel; and 5) committed in a cold, calculated, and premeditated manner. § 921.141(5)(d), (e), (f), (h), (i), Fla. Stat. (1981). In mitigation the court found that Bates had no significant history of prior criminal activity. § 921.141(6)(a). Bates now challenges all but the fourth aggravating factor listed above.
Bates' challenge to finding murder during commission of a felony depends on his argument that his felony convictions should be reversed because the jury acquitted him of felony murder. As we held earlier in this opinion, the jury did not acquit Bates of felony murder; it merely chose to convict him of premeditated murder. The state's evidence proved the applicability of this aggravating circumstance beyond a reasonable doubt. Williams v. State, 386 So.2d 538 (Fla. 1980).
Bates also claims that the trial court improperly doubled up two aggravating factors in finding that the homicide was committed both during the course of a robbery and for pecuniary gain. The trial court, however, stated its awareness of the general rule prohibiting dual consideration of these two factors. The court then found both the felony murder and the pecuniary gain factors allowable because "the murder was committed during the course of a kidnapping and an attempted sexual battery. Under the total circumstances the fact that a robbery also occurred does not prevent the court from considering the pecuniary gain aspect of the crime." Finding pecuniary gain in aggravation is not error when several felonies, including robbery, have occurred. See Smith v. State, 424 So.2d 726 (Fla. 1982).
We agree with Bates, however, that the trial court improperly found the avoid arrest and cold, calculated, and premeditated aggravating circumstances. Concerning avoiding arrest, in Riley v. State, 366 So.2d 19, 22 (Fla. 1978), we held that
the mere fact of death is not enough to invoke this factor when the victim is not a law enforcement officer. Proof of the requisite intent to avoid arrest and detection must be very strong in these cases.
The mere fact that a victim might be able to identify an assailant is insufficient. Moreover, "it must be clearly shown that the dominant or only motive for the murder was the elimination of" the witness. Oats v. State, 446 So.2d 90, 95 (Fla. 1984); Menendez v. State, 368 So.2d 1278 (Fla. 1979). Compare Herring v. State, 446 So.2d 1049 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984) (defendant stated *493 that he shot robbery victim a second time to prevent his testifying against him); Clark v. State, 443 So.2d 973 (Fla. 1983) (defendant told cellmate that victim could identify him, victim knew defendant, victim knew or soon would know that violent felony had been committed on her husband); Vaught v. State, 410 So.2d 147 (Fla. 1982) (victim announced that he recognized assailant, defendant shot victim five times to make sure he was dead). In the instant case the victim was not a police officer and did not know her assailant. Also, the contention that Bates killed the victim solely to avoid her identifying him is mere speculation. We do not find the proof strong enough to support finding that Bates committed this murder in order to avoid or prevent his lawful arrest.
We also find the evidence insufficient to prove beyond a reasonable doubt that Bates committed this murder in a cold, calculated, and premeditated manner. Although the jury convicted Bates of premeditated murder, the evidence of premeditation does not rise to the level needed to support this aggravating circumstance. See Jent v. State, 408 So.2d 1024 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). This aggravating factor "is not to be utilized in every premeditated murder prosecution," and is reserved primarily for "those murders which are characterized as execution or contract murders or witness-elimination murders." Herring v. State, 446 So.2d at 1057. This was not an execution or contract murder, and we have found the proof insufficient to support murder for the purpose of eliminating a witness. There was no heightened premeditation or evidence of reflective calculation. Instead, it is as likely that what started as a burglary resulted in a situation simply getting out of hand.
After striking these two factors we are left with three valid aggravating circumstances to be weighed against one mitigating circumstance.[*] The analysis of aggravating and mitigating circumstances and the appropriate sentence "is not a mere counting process." State v. Dixon, 283 So.2d 1, 10 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). As a reviewing court, we do not reweigh the evidence. Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). We have consistently held that the weighing of aggravating circumstances is the trial judge's function. When the evidence does not support an aggravating factor and there are mitigating circumstances to be weighed, the death sentence should be vacated and the case remanded to the trial judge for reconsideration without utilizing the insufficiently established aggravating circumstances because we cannot know if the result would have been different if the impermissible circumstances had not been used. Oats; Lewis v. State, 377 So.2d 640 (Fla. 1979); Menendez; Riley. See Moody v. State, 418 So.2d 989 (Fla. 1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1213, 75 L.Ed.2d 451 (1983).
Hence, we vacate the death sentence and remand to the trial court for a reweighing of the valid aggravating circumstances against the mitigating evidence. Bates' convictions are affirmed as are the sentences for robbery, kidnapping, and attempted sexual battery.
It is so ordered.
OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., and ALDERMAN, J., concur in part and dissent in part with opinions, in which ADKINS, J., concurs.
ADKINS, J., concurs in conviction but dissents from sentence.
BOYD, Chief Justice, concurring in part and dissenting in part.
I concur in the decision of the Court to affirm the judgments of conviction of first-degree *494 murder, robbery, kidnapping, and attempted sexual battery. I dissent to the Court's order remanding for reconsideration of the sentence for the capital offense. The trial judge's findings were all supported by evidence, the process of weighing of circumstances was properly carried out, and the sentence imposed by the trial court was the appropriate one under the law. The pertinent portions of the sentencing order are set out in a footnote.[*]
*495 The evidence showed and the trial judge found that the murder was committed while appellant was engaged in the commission of kidnapping and attempted sexual battery. Both kidnapping and sexual battery are among the serious crimes listed in section 921.141(5)(d), Florida Statutes (1981), defining an aggravating circumstance under the Florida Capital Felony Sentencing Law. Commission of a capital felony "while the defendant was engaged, or was an accomplice, in the commission of, or an attempt to commit, or flight after committing or attempting to commit, any" of the offenses listed there constitutes an aggravating circumstance. Id. (This aggravating circumstance should not be confused with the felony murder doctrine, which is part of the statutory definition of first-degree murder. § 782.04(1)(a), Fla. Stat. (1981)).
The evidence showed and the trial court found that the murder was committed for the purpose of avoiding or preventing a lawful arrest. This factor is supported by logical inference from the proven circumstances. After appellant's commission of the crimes of kidnapping, attempted sexual battery, and robbery, the victim of all of these crimes was also the only eyewitness to them. The trial judge, having heard all the evidence directly, concluded that appellant killed the woman to eliminate her as a witness who could bring about his arrest and prosecution. Past decisions of this Court in capital cases show that this circumstance may be supported by such a logical inference from the circumstances. See, e.g., Bolender v. State, 422 So.2d 833 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 315 (1983); Martin v. State, 420 So.2d 583 (Fla. 1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); Jones v. State, 411 So.2d 165 (Fla.), cert. denied, 459 U.S. 891, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982). In support of its disapproval of the finding, the majority cites Menendez v. State, 368 So.2d 1278 (Fla. 1979), where we rejected the contention that this circumstance was established by proof of the fact that the murder firearm was equipped with a silencer. See also Menendez v. State, 419 So.2d 312 (Fla. 1982). Menendez does not say that this factor may not be established by logical inference from circumstantial evidence.
If the majority's characterization of the instant criminal episode as "a burglary ... simply getting out of hand" is intended to mitigate the murder on the ground of the victim's resistance, it is erroneous. A murder precipitated by a robbery victim's resistance is not necessarily removed from the category of first-degree murders to which a death sentence is appropriate. Armstrong v. State, 399 So.2d 953 (Fla. 1981).
The evidence showed and the trial court properly found that the murder was committed for pecuniary gain. As the majority properly concludes, this factor has force separate and independent from the factor of commission during the course of the inherently violent felonies of kidnapping *496 and attempted sexual battery. The fact that appellant did not need to kill the victim in order to rob her does not detract from the validity of the finding of this circumstance; we have approved this factor when it was a concurrent though not the exclusive motive for the criminal episode resulting in the murder. See, e.g., Porter v. State, 429 So.2d 293 (Fla.), cert. denied, ___ U.S. ___, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983); Middleton v. State, 426 So.2d 548 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3573, 77 L.Ed.2d 1413 (1983).
The evidence showed and the trial court found that the murder was especially heinous, atrocious, or cruel.
The evidence showed and the trial court found that the murder was committed in a cold, calculated, and premeditated manner without pretense of moral or legal justification. As the trial court's written findings indicate, the trial court found from the evidence that appellant broke into the office and lay in wait there for his victim, knowing that she would soon return and probably would be alone. He had hidden his truck in the woods nearby so that it could not be seen from the road. Such advance planning as is indicated by stalking or lying in wait supports a finding of this aggravating circumstance. See, e.g., Middleton v. State, 426 So.2d 548 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 3573, 77 L.Ed.2d 1413 (1983); Hill v. State, 422 So.2d 816 (Fla. 1982), cert. denied, 460 U.S. 1017, 103 S.Ct. 1262, 75 L.Ed.2d 488 (1983); Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982).
Because all the trial court's findings were proper, I do not see any need for reconsideration of sentence. I would affirm the sentence of death.
ADKINS, J., concurs.
ALDERMAN, Justice, concurring in part, dissenting in part.
I concur with that portion of the decision which affirms Bates' convictions for first-degree murder, robbery, kidnapping, and attempted sexual battery. I dissent, however, to the vacating of Bates' death sentence. Even assuming that the two aggravating factors stricken by the majority were erroneously found, the remaining aggravating factors warrant imposition of the death penalty in this case. When this Court strikes invalidly found aggravating factors and several validly found aggravating factors remain, we are not compelled to vacate the death sentence merely because there may be mitigating circumstances. Bassett v. State, 449 So.2d 803 (Fla. 1984); Brown v. State, 381 So.2d 690 (Fla. 1980), cert. denied, 449 U.S. 1118, 101 S.Ct. 931, 66 L.Ed.2d 847 (1981); Hargrave v. State, 366 So.2d 1 (Fla. 1978), cert. denied, 444 U.S. 919, 100 S.Ct. 239, 62 L.Ed.2d 176 (1979). I would affirm the death sentence.
ADKINS, J., concurs.
NOTES
[*] There was some nonstatutory mitigating evidence presented about which the trial judge made no comment.
[*] The evidence, beyond every reasonable doubt, shows that the defendant murdered Janet Renee White during the commission of a kidnapping, robbery, and an attempted sexual battery on June 14, 1982. After abducting Janet from the State Farm Insurance Office, the Defendant carried her to a wooded area immediately behind the office where he proceeded to sexually assault her. The evidence established that Janet valiantly struggled with the defendant both inside and outside the office. It is uncontroverted that Janet's body contained numerous incisions, abrasions, bruises, and lacerations. Janet was strangled and stabbed twice with a knife. She had been rendered completely helpless. At some time during this sequence of events the defendant robbed Janet of her ring by tearing it from her left ring finger and, in the process of doing so, severely injured her finger. While being attacked, robbed, bruised, lacerated, strangled and stabbed Janet was still alive. Death was the result of the stab wounds to the left pulmonary artery and came only some five to ten minutes after this brutal and senseless attack.

After studying, considering and weighing all the evidence in the case, the Court makes the following findings of fact as to the aggravating circumstances.
1. The murder was committed while the Defendant was engaged in the commission of a kidnapping and an attempted sexual battery. [F.S. 921.141(5)(d)]. The murder was also committed while the Defendant was engaged in the commission of a robbery. The Defendant went to the State Farm Insurance Office on June 14, 1982 and kidnapped the victim, Janet Renee White. The crime of kidnapping was accomplished when the victim was forcibly removed from the office. The victim was then sexually assaulted and robbed of a ring worn on her left ring finger.
2. The murder was committed for the purpose of avoiding or preventing a lawful arrest. [F.S. 921.141(5)(e)]. The dominate motive for the murder of Janet Renee White was the elimination of the only witness to the defendant's crimes. To avoid being identified by the victim of his criminal acts the defendant felt it necessary to eliminate the only witness. His plan might have been successful had not law enforcement personnel responded so quickly.
3. The murder was committed for pecuniary gain. [F.S. 921.141(5)(f)]. The Court is aware of the prohibition of considering both the robbery as an aggravating circumstance and whether the crime was committed for pecuniary gain as an aggravating circumstance. However, the aggravating circumstance of F.S. 921.141(5)(d), already discussed herein, is considered applicable because the murder was committed during the course of a kidnapping and an attempted sexual battery. Under the total circumstances the fact that a robbery also occurred does not prevent the Court from considering the pecuniary gain aspect of the crime.
The fact that this crime was committed, at least partially, for pecuniary gain is without doubt. The defendant robbed Janet Renee White of her ring. The ring was found in the defendant's pocket upon his arrest.
4. The murder was especially heinous, atrocious or cruel [F.S. 921.141(5)(h)]. The acts of this defendant and the obvious torture and suffering of the victim set this crime apart from the norm of capital felonies. This defendant broke into the State Farm Insurance Office while Janet was at lunch. She returned at approximately 1:00 p.m. as was the normal course of business. As she came in, Janet answered the telephone. Almost immediately she observed the defendant and let out a "bone-chilling" scream. Janet obviously fought her attacker. There was a struggle both inside and outside the office. As stated earlier in these findings, it is uncontroverted that Janet's body contained numerous incisions, abrasions, bruises and lacerations. She was strangled and stabbed twice with a knife and was rendered completely helpless. Her ring was ripped from her finger, severely tearing the finger. All the while, Janet was still alive. Death came later.
It is impossible to know the tremendous suffering that Janet experienced. Those minutes before her death must have been a time of complete and total terror. Janet's feelings after having valiantly struggled for her life and then to know that soon her life would end is beyond the ability of those of us among the living to even begin to comprehend.
This Court finds that this crime was extremely wicked and vile. It was especially heinous, atrocious and cruel.
5. The murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification [F.S. 921.141(5)(i)]. The evidence reflects that the defendant, by his own admission, stopped at the State Farm Office prior to the noon hour. He saw Janet and spoke with her at that time. He knew she was alone. Also, the office hours were clearly posted on the front door of the office. The defendant prepared for his crime by parking his truck in the woods some distance behind the State Farm Office so that it could not be seen from the office or the highway. During the noon hour, he then broke into the office and awaited Janet's return. After completion of his crimes the defendant murdered Janet, thus disposing of the only witness. He then proceeded to dispose of other items connecting him with the crimes, including the knife.
There was time prior to the crimes for the defendant to reflect on the seriousness of his acts, to plan his acts, and to realize the penalty for his acts. The evidence leaves no doubt that the crime was planned and premeditated and that the murder was carried out in a cold and calculated manner.
After studying, considering and weighing all the evidence in the case, the Court makes the following findings of fact as to the mitigating circumstances.
The Court has taken into account the testimony of the defendant and the defendant's father. The Court finds that the defendant has no significant history of prior criminal activity. The Court has considered all the possible mitigating circumstances listed under Florida Statute 921.141(6) and any others that might apply. The Court finds, however, that the testimony and circumstances do not support any other mitigating circumstances. Even if the Court determined that each mitigating factor raised by the defendant had been established, that would not outweigh the overwhelming evidence of aggravating circumstances established by the testimony in this case.