506 So.2d 1033 (1987)
Kayle Barrington BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 67422.
Supreme Court of Florida.
April 16, 1987.
Rehearing Denied June 3, 1987.
*1034 Michael E. Allen, Public Defender, Second Judicial Circuit, and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Bates appeals the sentence of death which he received on resentencing. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and affirm Bates' death sentence.
At trial a jury convicted Bates of, among other things, first-degree murder and recommended that he be sentenced to death; the judge agreed with that recommendation. On appeal this Court affirmed Bates' conviction, but disapproved two aggravating circumstances found by the trial court and remanded for reweighing of the valid aggravating and mitigating factors and resentencing. Bates v. State, 465 So.2d 490 (Fla. 1985). At resentencing the trial court allowed Bates to present additional evidence in mitigation of sentence through the testimony of several witnesses. After that, the court again sentenced Bates to death, finding that the aggravating factors (committed during course of kidnapping, attempted sexual battery, and robbery; committed for pecuniary gain; and especially heinous, atrocious, or cruel) outweighed the sole mitigating factor (no significant history of prior criminal activity).
On appeal Bates argues that the court did not really consider the newly presented evidence and that, therefore, the court failed to perform the proper weighing and analysis of evidence required of the sentencer. Specifically, Bates claims that the court totally ignored the evidence given by a psychologist who examined Bates for the purpose of resentencing. Because the state produced no evidence to rebut this expert's testimony, Bates argues that the trial court erred in not finding the establishment of the mitigating circumstances of commission under influence of extreme emotional or mental disturbance and substantially impaired capacity to appreciate criminality of conduct and to conform conduct to requirements of the law. The state, on the other hand, claims that our remand did not direct the trial court to conduct a new sentencing proceeding and that, therefore, even though the trial court allowed Bates to present additional mitigating evidence, the trial court did not have to consider that evidence.
Our remand sent this case back to the trial court "for a reweighing of the valid aggravating circumstances against the mitigating evidence." 465 So.2d at 493. Trial courts, however, have been allowed to exercise their discretion to hear additional evidence on resentencing. Lucas v. State, 490 So.2d 943 (Fla. 1986). Once a trial court allows evidence to be presented, it cannot ignore that evidence, contrary to the state's contention. Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Contrary to Bates' contention, on the other hand, the factfinder (in this case the trial court) has great discretion in considering the weight to be given expert testimony and need not be bound by such testimony even if all the witnesses are presented by only one side. United States v. Esle, 743 F.2d 1465 (11th Cir.1984). In other words, expert testimony ordinarily is not conclusive even where uncontradicted. United States v. Alvarez, 458 F.2d 1343 (5th Cir.1972).
At the conclusion of the sentencing hearing the court said:

*1035 I was a little disappointed in Dr. McMann. First of all, I think her view of the death penalty somehow colors her objectivity in the matter. Secondly, I would think that any expert in that field would want to acquaint herself thoroughly with the facts of the case, including coming and looking at the evidence introduced at trial and this sort of thing. She said she contented herself with briefs filed, certain other papers and then in talking to Mr. Bates. I would have hoped that she had made a rather thorough basis for her opinion.
Now, on the other mitigating circumstances that you raised  that were raised by Dr. McMann, those I find  I found nothing new in the evidence other than Dr. McMann's testimony than what was presented before, both in front of the jury and in front of the Court before. The Supreme Court has said that there were a couple of other mitigating factors which the Court could have considered. I have heard Dr. McMann's testimony on these, considering these other mitigating factors now and from all of this, I have reached the conclusion that the death sentence should be imposed.
It is clear from the record that the trial court weighed and analyzed the additional mitigating evidence presented by Bates and found that it did not constitute an additional mitigating circumstance. We therefore hold that the trial court did not err in resentencing Bates to death, and we affirm that sentence.
It is so ordered.
EHRLICH and SHAW, JJ., and ADKINS, J. (Ret.), concur.
KOGAN, J., concurs in result only.
McDONALD, C.J., Dissents with an opinion in which OVERTON and BARKETT, JJ., concur.
McDONALD, Chief Justice, dissenting.
I dissent. Unlike the majority, I cannot determine whether the trial judge properly weighed and analyzed the mitigating evidence or whether he just ignored that evidence. As Bates points out, the additional evidence is not mentioned in the sentencing order. While such an omission is not conclusive, Bates also points out that the trial judge apparently thought that the expert's opposition to the death penalty colored her testimony. The trial judge may have given the evidence proper consideration, but I simply cannot tell from his order whether that is so. Therefore, I would remand for a proper reconsideration by the trial judge, with a reminder to the judge that his findings must be of unmistakable clarity. Mann v. State, 420 So.2d 578 (Fla. 1982).
OVERTON and BARKETT, JJ., concur.