604 So.2d 457 (1992)
Kayle Barrington BATES, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Kayle Barrington BATES, Appellant, Cross-Appellee,
v.
STATE of Florida, Appellee, Cross-Appellant.
Nos. 74972, 76538.
Supreme Court of Florida.
July 23, 1992.
Rehearing Denied September 24, 1992.
*458 Larry Helm Spalding, Capital Collateral Representative, and Bret B. Strand and Jerome H. Nickerson, Asst. CCR, Office of Capital Collateral Representative, Tallahassee, Billy H. Nolas and Julie D. Naylor, Sp. Asst. CCR, Ocala, and Thomas H. Dunn, Sp. Asst. CCR, Tallahassee, for petitioner, appellant, cross-appellee.
Robert A. Butterworth, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent, appellee, cross-appellant.
PER CURIAM.
Kayle Bates, a prisoner under sentence of death, petitions this Court for writ of habeas corpus and appeals the trial court's order on his motion for postconviction relief. We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution and Florida Rule of Criminal Procedure 3.850 and deny the habeas petition and affirm the trial court's order.
A jury convicted Bates of first-degree murder, kidnapping, attempted sexual battery, and armed robbery, and the trial court sentenced him to death for the murder. On appeal this Court affirmed Bates' convictions, but found two of the aggravating factors invalid and remanded for reconsideration and resentencing by the trial court. Bates v. State, 465 So.2d 490 (Fla. 1985). The trial court allowed Bates to present more evidence in mitigation, but again sentenced him to death, and this Court affirmed. Bates v. State, 506 So.2d 1033 (Fla.), cert. denied, 484 U.S. 873, 108 S.Ct. 212, 98 L.Ed.2d 163 (1987).
The governor signed Bates' death warrant in November 1989, and Bates filed a habeas petition with this Court and a rule 3.850 motion with the trial court. On Bates' motion his original trial judge recused himself, and the substitute judge stayed Bates' execution and held an evidentiary hearing on his claim that trial counsel rendered ineffective assistance at the original sentencing proceeding. At the conclusion of the hearing the judge held that counsel had, indeed, been ineffective and ordered that Bates have a new sentencing hearing before a jury. She held that the remaining claims raised in the motion had been abandoned or were procedurally barred. Bates now appeals that denial of the other issues, and the state cross-appeals the granting of a new sentencing proceeding. We consolidated the habeas petition[1] and the 3.850 appeal.
Bates argues that the trial court erred in not granting relief on the following *459 issues: 1) the conviction and sentence were improperly obtained because the trial began with a prayer by the victim's minister; 2) the trial court failed to make an independent weighing of the aggravators and mitigators; 3) the court erred in failing to grant a change of venue; 4) trial counsel rendered ineffective assistance at the guilt phase; 5) the corpus delicti of attempted sexual battery was not proved by competent, substantial evidence; 6) reversible error occurred as to the aggravators; 7) Lockett[2] and Hitchcock[3] were violated; and 8) counsel was ineffective for failing to request disqualification of the judge at resentencing. Rule 3.850 "does not authorize relief based upon grounds which could have been or should have been raised at trial and, if properly preserved, on direct appeal." Fla.R.Crim.P. 3.850; Johnson v. State, 593 So.2d 206 (Fla. 1992); Medina v. State, 573 So.2d 293 (Fla. 1990). Issues 1 through 3 and 5 through 7, therefore, are procedurally barred. Issue 1 was not raised at trial and therefore was not preserved for appeal. Issue 3, although preserved for appeal, also does not involve fundamental error and, if raised, would not have led to the reversal of Bates' conviction. "Raising a different argument in a rule 3.850 motion to relitigate an issue raised and rejected on direct appeal is inappropriate." Brown v. State, 596 So.2d 1026, 1028 (Fla. 1992); Medina. We reviewed the attempted sexual battery conviction and the sentencing on direct appeal, and issues 2, 5, 6, and 7 improperly seek to reopen those areas. Issues 4 and 8 allege ineffective assistance of counsel, but Bates has not met the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), i.e., 1) deficient performance by counsel that 2) prejudiced him. Therefore, there is no merit to these claims.[4] We affirm the trial court's denial of issues 1 through 8.
Turning to the cross-appeal, the state argues that the court erred in granting Bates a new sentencing proceeding. The trial judge applied the test from Strickland v. Washington to the evidence presented at the hearing and concluded both that Bates' attorney failed to investigate Bates' background adequately and that, absent that failure, there was a reasonable probability that Bates' sentence would have been different. These conclusions are supported by the record, and we affirm the trial court's ordering that Bates be resentenced. We remand for resentencing before a judge and jury within ninety days of the filing of this opinion. We deny the petition for writ of habeas corpus.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Bates raises nine issues in the habeas petition. These issues duplicate those raised in the postconviction motion and will not be addressed separately. The habeas claims that allege ineffective assistance of appellate counsel are without merit.
[2] Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).
[3] Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987).
[4] Any allegations of ineffectiveness raised incidentally to issues 1 through 3 and 5 through 7 are without merit and do not save those issues from a procedural bar. Medina v. State, 573 So.2d 293 (Fla. 1990).