ORDER ON APPELLANTS’ MOTION FOR STAY OF APPELLATE PROCEEDINGS AND REMAND TO TRIAL COURT
PER CURIAM.
The appellants were plaintiffs below and they seek review of a judgment entered on a jury verdict adverse to them. They move this court to stay the appeal and to “remand” the cause to the trial court to permit proceedings on appellants’ motion for a juror interview. Although we believe the appropriate remedy is a relinquishment of jurisdiction, rather than remand, we grant the relief.
Appellants moved this court to stay appellate proceedings and to return jurisdiction to the trial court for consideration of a motion for juror interview, indicating only that counsel had obtained information that one of the jurors had given false or misleading information. Appellee opposed the motion, suggesting that appellants’ allegations were not sufficiently specific to justify the relief sought. Appellants filed a reply to the response, arguing that the specifics of the motion for juror interview need not be presented to the appellate court in this circumstance, but providing the court with a copy of the motion to be filed below and supporting affidavits.
Counsel for appellants shows that after the appeal was taken in this case, he was approached in a public place by a member of the jury panel. That juror informed counsel that another member of the jury had revealed during deliberations that she was employed as a nurse at West Florida Regional Medical Center. Counsel was surprised by this statement because the nurse had not revealed this employment on the questionnaire she completed nor during jury selection. It is alleged that the juror would have been stricken if the employment had been revealed, because three doc *1025 tors who appeared as defense witnesses at trial worked at West Florida Regional Medical Center.
Before addressing the merits, we comment on some of the procedural aspects of this dispute. First, we agree with appel-lee that where a party seeks relinquishment of jurisdiction to the trial court for further proceedings during the pendency of an appeal from a final order, the burden is on the moving party to show entitlement to relief. Jurisdiction may be relinquished to the trial court “to proceed with specifically stated matters.” See Fla.R.App.P. 9.600(b); Palma Sola Habour Condominium, Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979). The presumption is, however, that judicial economy would be best served by leaving jurisdiction in the appellate court until issuance of mandate. A party wishing to overcome that presumption and obtain a relinquishment of jurisdiction must show entitlement to that relief by informing this court of the specific nature of the proceedings it seeks to have conducted in the trial court. We also note that the Florida Rules of Appellate Procedure do not authorize a reply to a response to a motion, see Fla.R.App.P. 9.300(a), and such unauthorized pleadings are ordinarily ignored or sua sponte stricken by this court. In the unique circumstances presented here, we elect to give consideration to appellants’ reply and treat it as a supplement to the original motion.
We find appellants’ motion, as so supplemented, to be well-taken. If the appellants are successful, the trial court may order a new trial and this appeal could become moot. We are cognizant, of course, that the non-prevailing party on the motion for juror interview might seek appellate review. Such an order would be appealable under Florida Rule of Appellate Procedure 9.130(a)(4), which authorizes review of orders entered after final orders on authorized motions. That possible appeal, subject to the relatively expedited procedures of Rule 9.130, could either be disposed of prior to further proceedings in this case, or consolidation of the two cases could also be ordered. Thus, we envision three possible outcomes if appellants’ motion to relinquish jurisdiction is granted. First, if the motion for juror interview is granted, a new trial ordered, and no appeal is taken, this appeal would be dismissed as moot without further expenditure of judicial labor or client funds. Second, if the motion for juror interview is denied and no appeal is taken, jurisdiction will return to this court and this appeal will proceed. Third, if an appeal is taken from the order on motion for juror interview, the appeals can proceed as discussed above. All of these alternatives are preferable to the possibility of an order granting new trial after this appeal is completed.[1] We also note that memories of the witnesses would be fresher if the hearing were held in the immediate future rather than at some later time after completion of the appeal.
For all of the foregoing reasons, we grant appellants’ motion and relinquish jurisdiction to the circuit court for 45 days for consideration and disposition of the plaintiffs’ motion for juror interview and we stay this appeal during that time. We extend time on the initial brief to 20 days after service of the index to the record on appeal by the clerk of the circuit court.
JOANOS, C.J., and WOLF and KAHN, JJ., concur.

. If this appeal were to result in an affirmance, the presentation of the motion for juror interview to the trial court after issuance of mandate would also appear to require leave of this court. Wood v. Manatee Bay Corp., 386 So.2d 320 (Fla. 2d DCA 1980).