652 So.2d 344 (1995)
James Armando CARD, Appellant,
v.
STATE of Florida, Appellee.
No. 82435.
Supreme Court of Florida.
January 12, 1995.
Rehearings Denied April 4, 1995.
Billy H. Nolas and Julie D. Naylor, Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell, Chief, Capital Appeals, Tallahassee, for appellee.
PER CURIAM.
James Armando Card, a prisoner under sentence of death, appeals a denial of a motion for postconviction relief. We have jurisdiction under article V, section 3(b)(1) of the Florida Constitution.
In 1982, Card was convicted of first-degree murder and sentenced to death before the Honorable W. Fred Turner. On direct appeal, this Court affirmed Card's conviction and sentence. Card v. State, 453 So.2d 17, 24 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984). Card subsequently filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 which was denied. We affirmed. Card v. State, 497 So.2d 1169, 1177 (Fla. 1986), cert. denied, 481 U.S. 1059, 107 S.Ct. 2203, 95 L.Ed.2d 858 (1987). Card now appeals the denial of a second motion for postconviction relief. This motion was denied without hearing.
Card raises three issues on appeal, only the first of which merits discussion.[1] That issue revolves around the procedure used in preparing the sentencing order that sentenced Card to death. An affidavit prepared by Card's trial judge describes that procedure:

*345 1. My name is W. Fred Turner and I am a retired Circuit Court Judge. I was the Judge who presided over the case of State v. James A. Card.

2. I was asked by Circuit Judge Costello to testify in a hearing in the State v. Kayle Bates case as to the customary practice in my division for the issuance of capital sentencing orders. I testified in that hearing that it was customary for me to receive sentencing orders in capital cases from the State Attorney; that this customary practice was followed in the capital cases assigned to me; that I did not dictate findings to or request that the State Attorney submit the orders before the orders were prepared and given to me; that the prosecutors in my division provided the orders to me as a matter of course; and that I have never had a problem with this procedure. As I said while testifying, I adhered to the old saying which explained that the State Attorney is the "eyes and ears" of the Court.
3. As I testified at the hearing, I did not engage in off-the-record discussions with defense attorneys concerning the sentencing orders drafted by the State Attorney or the findings therein. As my previous testimony indicated, the results of any discussions with counsel about my views of the orders would be included in the record. The orders would then have been issued as provided to me. The orders were customarily provided to me prior to the sentencing hearing under Fla. Stat. § 921.141.
4. This was the customary practice and the practice in Card. If I have to testify again, I would testify consistent with this affidavit.
A second affidavit, executed by H. Guy Green, one of Card's trial attorneys, states that he was unaware of the sentencing procedure outlined in Judge Turner's affidavit and that he did not receive a copy of the sentencing order until after it had been signed and filed. However, Judge Turner, in a second affidavit, states that copies of the proposed sentencing order were given to the defense, and defense counsel was given an opportunity to object to any of the proposed findings or content of the order.
Card argues that this procedure abdicated Judge Turner's sentencing responsibility to the prosecution, depriving Card of an independent weighing of the aggravating and mitigating circumstances during the sentencing phase of his trial. Card further argues that these claims are not precluded by the time bar of Florida Rule of Criminal Procedure 3.850 because they are based on newly discovered information that could not have been ascertained by the exercise of due diligence. See Fla.R.Crim.P. 3.850(b)(1).
The State argues Card's claim is procedurally barred because this Court held a similar claim not cognizable on collateral attack in Bates v. Dugger, 604 So.2d 457 (Fla. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1600, 123 L.Ed.2d 163 (1993).
In Bates this Court affirmed an order granting the defendant a new sentencing proceeding because of ineffective assistance of counsel. Apparently, an argument was also made in Bates similar to that made here because Judge Turner tried both cases. The argument was characterized on appeal as a failure of the trial court to make an independent weighing of the aggravators and mitigators. We stated that the claim was procedurally barred because it could or should have been raised on appeal. Whether or not the claim was properly disposed of on this ground is irrelevant to Bates because he received a new sentencing hearing anyway. Clearly, however, in view of the allegations in this case that the information concerning Judge Turner's sentencing practices was newly discovered, we cannot say that the procedural bar appears on the face of the pleadings.
We believe that the allegations of the petition are sufficient to require an evidentiary hearing on the question of whether Card was deprived of an independent weighing of the aggravators and the mitigators.[2] Among *346 the matters that can be developed at the hearing are the nature of the contact between Judge Turner and the prosecutors, when the judge was given the form of the sentencing order, and at what stage of the sentencing proceeding he gave copies to defense counsel. Further, an evidentiary hearing will permit a full exploration of the facts bearing upon the State's contention that all of the matters relating to Judge Turner's sentencing practices in death penalty cases were known or should have been known more than two years before this petition was filed. See Adams v. State, 543 So.2d 1244, 1247 (Fla. 1989).
We reverse the trial court's order with respect to Card's first claim and direct the court to conduct an evidentiary hearing to review Card's sentencing procedure in a manner consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs in result only.
NOTES
[1] Card's two other issues are: 1) the heinous, atrocious, or cruel and the cold, calculated, and premeditated jury instructions were unconstitutionally vague and overbroad; and 2) the jury instructions and prosecutorial argument impermissibly shifted the burden to the defense to prove that death was not an appropriate sentence. Neither of these issues was pursued in Card's direct appeal. Therefore, they are procedurally barred. See Chandler v. Dugger, 634 So.2d 1066 (Fla. 1994); James v. State, 615 So.2d 668 (Fla. 1993); Muhammad v. State, 603 So.2d 488 (Fla. 1992).
[2] However, we reject Card's contention that he will automatically be entitled to relief if Judge Turner's sentencing decision was made contrary to the procedural dictates of Spencer v. State, 615 So.2d 688 (Fla. 1993), because Spencer was not intended to operate retroactively in this respect. See Armstrong v. State, 642 So.2d 730 (Fla. 1994).