720 So.2d 556 (1998)
BEYEL BROTHERS, INC., and John Franklin Greer, Appellants,
v.
Louis LEMENZE and Donna Lemenze, his wife, Appellees.
Nos. 97-2848, 97-3228 and 97-3229.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
Rehearing Denied September 29, 1998.
*557 Jon D. Derrevere, and Adam D. Falcon of Derrevere & Associates, West Palm Beach, for appellants.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and F. Kendall Slinkman of F. Kendall Slinkman, P.A., West Palm Beach, for appellees.
GROSS, Judge.
In a negligence action arising out of a motor vehicle accident, the jury returned a verdict in favor of appellee, Louis Lemenze, for $462,000. Appellee, Donna Lemenze, recovered $6,000 for loss of consortium. The jury returned its verdict on April 16, 1997. The trial court entered a final judgment consistent with the verdict on April 17, 1997 in favor of the Lemenzes and against appellants, Beyel Brothers, Inc., and John Franklin Greer.
Defendants served a motion for new trial on April 22, 1997. On May 6, 1997, defense counsel filed an affidavit asserting juror misconduct. The affidavit indicated that during voir dire, a juror had concealed her involvement as a party defendant in a mechanics' lien suit filed by a concrete finisher in the county court. On May 7, 1997, defendants filed a memorandum of law in support of its motion for new trial. Although the memorandum dealt with the issue of juror misconduct, that ground had not been raised in the April 25, 1997 motion for new trial. On July 11, 1997, defendants filed an amended motion for new trial raising juror misconduct.
The hearing on the defendants' motion for new trial was held on July 11, 1997. The trial court denied the motion. The trial court observed that there had been no showing of the juror's willful concealment or bias. The trial court commented that no evidence had been presented to demonstrate that the juror in question was aware of the status of the county court lawsuit, since it appeared that she had been sued as a co-owner of the property. The trial court noted that there had been no evidentiary showing that the juror was the same person who was a party to the lawsuit. After the trial court denied the motion for new trial, and as court was about to recess, defense counsel orally moved for an interview of the juror. The trial court did not rule on the motion, but told the attorney to file the motion in writing.
In accord with its oral ruling on July 11, 1997, the trial court entered a written order on July 17, 1997 denying the motion for new trial. Defendants filed a written motion for a juror interview on August 11, 1997. On the same day, defendants filed a notice of appeal regarding the denial of the motion for new trial. On September 4, 1997, the trial court denied the motion for juror interview for two reasonsbecause it lacked subject matter jurisdiction over the motion and it had "previously ruled" on the issue.
On this record, we find no abuse of discretion in the trial court's denial of the motion for new trial based on juror misconduct. As the trial court observed, there was no evidence presented at the hearing on the motion that the juror had knowingly concealed relevant litigation experience during voir dire. The identity of the juror as the county court litigant was not demonstrated. Unlike De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), this was not a case where a juror failed to disclose involvement in six prior lawsuits. There was no showing that the juror was even aware of the county court action. Unlike Castenholz v. Bergmann, 696 So.2d 954, 955 (Fla. 4th DCA 1997), this was not a case where a post-verdict interview revealed a juror's involvement in "five distinct legal actions," including welfare fraud, foreclosure, and actions for money owed. Under De La Rosa, the party seeking a new trial on the basis of juror nondisclosure has the burden of establishing entitlement to it. 659 So.2d at 241.
We also find no error in the trial court's refusal to grant an interview of the juror. The Rules of Civil Procedure contemplate that motions for new trial and for jury *558 interview will be filed within the same time parameters. Rule 1.431(h) provides:
A party who believes that grounds for legal challenge to a verdict exists may move for an order permitting an interview of a juror or jurors to determine whether the verdict is subject to the challenge. The motion shall be served within 10 days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time.
Rule 1.530(b) requires that a motion for new trial be served "not later than 10 days after the return of the verdict in a jury action." A timely motion "may be amended to state new grounds in the discretion of the court at any time before the motion is determined." Id. The obvious purpose of a motion for jury interview is to gather the evidence that will support the motion for new trial. See Bernal v. Lipp, 562 So.2d 848, 849 (Fla. 3d DCA 1990).
In this case, defendants did not move to interview the juror until almost three months after the rendition of the verdict, after the trial court had already ruled on the motion for new trial. Both the oral and written motions for the interview were untimely. Additionally, the filing of the notice of appeal divested the trial court of jurisdiction to hear a motion that pertained to the underlying final judgment. See In re: Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283 (Fla.1991); Rice v. Brown, 645 So.2d 1020 (Fla. 2d DCA 1994).
On the remaining issues, we affirm the attorney's fee award pursuant to section 768.79, Florida Statutes (1997). Under that statute, in light of the specific findings made by the trial court, we also affirm the award of travel costs in connection with a deposition. See Madison v. Midland Nat'l Life Ins. Co., 648 So.2d 1226, 1228 (Fla. 4th DCA 1995); § 768.79(6)(b), Fla. Stat. (1997).
The final judgments and order taxing costs and attorney's fees are affirmed.
WARNER and POLEN JJ., concur.