ORDER DENYING RELINQUISHMENT OF JURISDICTION TO TRIAL COURT FOR JUROR INTERVIEW
KLEIN, J.
We grant appellant’s motion for clarification, withdraw our opinion filed on September 23, 1998 and substitute the following opinion.
Appellant defendant, who is appealing a substantial verdict, moves for relinquishment of jurisdiction so that the trial court can interview a juror who allegedly gave false answers as to prior litigation history on voir dire. We deny the motion as untimely. The significant dates and facts are as follows:
May 13,1998 — Verdict for Plaintiff
May 16,1998 — Final Judgment Entered
May 21, 1998 — Defense counsel, who apparently had no reason to suspect juror misconduct, sends names and addresses of all jurors to insurance adjuster to investigate. Defendant also serves motion for new trial which raises no issue about juror misconduct.
May 27, 1998 — Trial court denies defendant’s motion for new trial without a hearing.
June 24, 1998 — Defendant files notice of appeal.
June 26, 1998 — Defense counsel receives court documents from client showing prior lawsuits filed against one juror.
July 8, 1998 — Defendant files motion for jury interview in trial court.
July 10, 1998 — Defendant files Motion for Relief from Judgment in trial court pursuant to Rule 1.540.
July 22, 1998 — Defendant files this Motion to Relinquish Jurisdiction.
The essence of the motion to interview is that the foreman of the jury, a dentist, admitted on voir dire to having been involved in prior litigation only one time, and the insurer has now discovered that he had been involved in at least nine different dental malpractice claims in New York. The plaintiff opposes the motion based on lack of timeliness, relying on Florida Rule of Civil Procedure 1.431(h), which provides that a motion for interview of a juror “shall be served within ten days after rendition of the verdict unless good cause is shown for the failure to make the motion within that time.”
The plaintiff has attached to its response opposing relinquishment affidavits from people experienced in investigation who state that the information about the juror’s prior litigation in New York could easily have been obtained within a few days after the verdict so that a timely motion to interview the juror could have been filed. Defendant argues that appellate courts have relinquished jurisdiction in cases like this one, however, where the motion for juror interview has been filed after the case was on appeal. Lurie v. Auto-Owners Ins. Co., 605 So.2d 1023 (Fla. 1st DCA 1992) and Industrial Fire and Cas. Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989). In Lurie, the party who did not prevail in the trial court had not on its own undertaken to investigate the jurors, but rather after the appeal was taken, a juror *849 contacted counsel about juror misconduct. The opinion in Industrial Fire does not indicate how the information came to the attention of the appellant while the case was on appeal.
It is obvious to us, from the affidavits in support of the defendant’s motion to interview, setting out when defense counsel requested the client to investigate the jurors eight days after the verdict, and the actions taken by the client thereafter to obtain the information, that this information could easily have been obtained by the time the trial court denied the post-trial motions, fourteen days after the verdict.
Rule 1.431(h), governing motions for interviewing jurors, has the same ten day period for filing as Rule 1.530(b) has for serving motions for new trial. Obviously, the rules contemplate that under normal circumstances inquiries into juror misconduct will be concluded by the time post-trial motions are determined. We conclude that there is a distinction between cases such as Lurie v. Auto-Owners Insurance Co., 605 So.2d 1023 (Fla. 1st DCA 1992) where evidence of juror misconduct was called to the attention of a party, and the present case, in which a defendant initiated an investigation on its own in the hopes of uncovering an impropriety.
Considering the availability of the type of information obtained by the defendant in regard to the juror in this case, we conclude that the defendant has not shown, and could not possibly show if we were to remand for an evidentiary hearing, good cause under rule 1.431(h) for filing the motion to interview almost two months after the verdict. It is now too late for defendant to seek relief based on the juror misconduct alleged here. We therefore deny the motion to relinquish.
POLEN and TAYLOR, JJ., concur.