PER CURIAM.
The parties stipulated that the policy limits of Allstate Insurance Company’s uninsured motorist coverage would be resolved after the trial. We remand to the trial court for a new hearing where Allstate shall be required to establish its policy limits by the greater weight of the evidence, which may include the testimony of the insured or other witnesses able to authenticate the actual policy or the introduction of business records through the testimony of a “custodian or other qualified witness.” § 90.803(6), Fla. Stat. (1997); see Jackson v. State, 738 So.2d 382, 24 Fla. L. Weekly D1457 (Fla. 4th DCA June 23, 1999).
We affirm on all other aspects of the case. Allstate’s motion to interview a juror was untimely. See Beyel Bros., Inc. v. Lemenze, 720 So.2d 556 (Fla. 4th DCA 1998), rev. denied, 737 So.2d 550 (Fla.1999); Fla. R. Civ. P. 1.431(h). The record does not demonstrate good cause to avoid the time limits of the rule; the grounds asserted for the juror interview were derived from a search of Allstate’s own records and there was no reason offered, by proffer or otherwise, why the search could not have been conducted within the time limits of the rule. See United States Fire Ins. Co. v. Bellefeuille, 723 So.2d 847 (Fla. 4th DCA 1998), rev. denied, 729 So.2d 396 (Fla.1999). The short time limit of Rule 1.431(h) implements “the strong public policy against allowing litigants either to harass jurors or to upset a verdict by attempting to ascertain some improper motive underlying it.” Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 100 (Fla.1991).
*1185 Allstate did not preserve its objection to the failure to give a jury instruction on future medical expenses. Nothing about the jury instructions was confusing or misleading, so that the jury might reasonably have been misled. See Mogavero v. State, 744 So.2d 1048 (Fla. 4th DCA 1999). The trial court did not abuse its discretion in allowing the neurologist to offer his opinion or in the denial of the post-trial motions.
Affirmed in part, reversed in part, and remanded.
DELL, STONE and GROSS, JJ., concur.