BROWNING, J.
 

 Edmond Belcher appeals his second-degree murder conviction on three grounds, only one of which bears comment. Bel-cher argues that the trial court erred in denying his motion for a juror interview. Belcher claims three jurors misrepresented whether they or their immediate family had been prosecuted. We affirm because the record does not reflect good cause for bringing a motion for juror interview after the deadline imposed by rule.
 

 Florida Rule of Criminal Procedure 3.575 governs motions for permission to interview a juror or jurors. By rule, such motions must be filed -within ten days after rendition of the verdict, unless good cause is shown for delay. Such motions must state the names of the juror(s) to be interviewed and must give the reasons the moving party believes that the verdict may be subject to challenge.
 

 The jury rendered its verdict on February 1, 2006, and Belcher brought a motion for new trial on February 8, 2006. The motion for new trial focused on the jury instructions and the sufficiency of the evidence. The motion was denied without a hearing on February 12, 2006, but defense counsel brought it up during the sentencing hearing on March 30, 2006. Defense counsel claimed that the motion reserved the right to claim juror misconduct at hearing.
 
 *
 

 Defense counsel then made an oral motion for a jury interview, claiming three jurors had misrepresented whether they or their family had been prosecuted. Defense counsel acknowledged the 10-day time limit under Rule 3.575. The state objected to the motion as untimely, but the trial court allowed testimony from Bel-cher’s mother to establish when she first learned of the prosecutions.
 

 Ms. Belcher testified that she hired a private investigator on the day after her son’s conviction. She testified that the investigator obtained copies of the juror questionnaires within the ten-day window. She testified that she notified defense counsel right after she “found out on the computer about all these things so it was with just in a few days.”
 

 Defense counsel stated that, at the time he filed the motion for new trial on February 8, Ms. Belcher had not told him what she learned. The trial judge found that defense counsel had not filed an amended
 
 *666
 
 motion for new trial or otherwise raised allegations of juror misconduct within the time established by rule.
 

 We agree. The record reflects that defense counsel knew of possible juror misconduct by mid-February at the latest but did not raise the issue until March 30, 2006. The motion
 
 for
 
 jury interview was therefore time-barred. Fla. R.Crim. P. 3.575.
 

 AFFIRMED.
 

 KAHN and BENTON, JJ., concur.
 

 *
 

 The motion for new trial concluded with this cryptic sentence: "If, upon hearing of this Motion, there arrives any indication of a denial of the Defendant's rights to a fair trial, and in particular with regard to conduct by the State, the Court, Defense Counsel, a juror, or any Court personnel, the Defendant submits such was without fault by him, and thus alleges that such comprises a basis for a new trial.” It is not obvious what this means, but whatever it means, it does not satisfy Rule 3.575.