ORDER ON MOTION TO RELINQUISH JURISDICTION

SHEPHERD, C.J.
Appellant, Doris McNulty, has filed a motion for relinquishment of jurisdiction to the trial court in order for Appellant to file a motion for relief pursuant to Florida Rule of Civil Procedure 1.540. We deny the motion.
The presumption in this court, as it is in other district courts of appeal in the state, is that judicial economy is best served by leaving jurisdiction in the appellate court until the issuance of the mandate. See Arzoumanian v. U.S. Bank Nat'l Ass’n, 967 So.2d 1020, 1021 (Fla. 4th DCA 2007): Lurie v. Auto-Owners Ins. Co., 605 So.2d 1023, 1025 (Fla. 1st DCA 1992). Florida Rule of Civil Procedure 9.600(b) authorizes relinquishment of jurisdiction only for “specifically stated matters.” A movant wishing to overcome the presumption against relinquishment and obtain relief must therefore inform the court which “specific matters” it desires to *1042 be considered by the lower court. Recognizing that relinquishment of jurisdiction results in delay, we grant motions to relinquish jurisdiction “sparingly and usually for the accomplishment of ministerial matters.” Arzoumanian, 967 So.2d at 1021.
In this case, Appellant seeks relief to retry her case, arguing that if the trial court grants relief, the appeal may be moot. Retrying a case is not a reason for relinquishment, nor is raising issues that might have been raised during the original trial.
Motion denied.