# Supreme Court of Florida

_____

No. SC2023-1683

_____

**KAYLE B. BATES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

October 24, 2024

COURIEL, J.

Kayle Barrington Bates appeals an order of the postconviction court denying his motion, made under Florida Rule of Criminal Procedure 3.575, to interview a juror who served at his trial in 1983. Bates claims to have learned at some unspecified time (but years after his conviction) that the juror is the second cousin of a person who was married to the victim's sister. We have

jurisdiction.[1]  *See* art. V, § 3(b)(1), (9), Fla. Const.  Bates's motion is time-barred, so we affirm.

**I**

In 1983, a jury found Bates guilty of the kidnapping, attempted sexual battery, armed robbery, and first-degree murder of Janet White.  *See Bates v. State*, 465 So. 2d 490 (Fla. 1985).  Bates attacked White in her State Farm Insurance office.  *Bates v. State*, 3 So. 3d 1091, 1097 (Fla. 2009).  He forced her into the woods behind the building; there he beat, tried to rape, and eventually murdered her.  *Id.*  Bates was found at the scene of the crime with the victim's blood on his clothing.  *Id.*  Police found other physical evidence connecting Bates to the victim's corpse, including clothing fibers consistent with Bates's pants, Bates's knife case and hat, a watch pin consistent with his watch, and semen on the

---

1.  Although Bates did not style his motion as having been made pursuant to Florida Rule of Criminal Procedure 3.851, that is how we review it.  *See* Fla. R. Crim. P. 3.851(a) ("This rule shall apply to all postconviction proceedings that commence upon issuance of the appellate mandate affirming the death sentence to include all motions and petitions for any type of postconviction or collateral relief brought by a defendant in state custody who has been sentenced to death and whose conviction and death sentence have been affirmed on direct appeal.").

victim and on Bates's underwear. *Id.* Bates gave inconsistent confessions that further implicated him in the murder. *Id.* After he was convicted, the jury recommended the death penalty. The court sentenced Bates to death.

This case has a long history of appeals. In the original direct appeal, this Court affirmed Bates's first-degree murder conviction but remanded to the trial court for reconsideration of the death sentence and a reweighing of the aggravating and mitigating factors. *Bates v. State*, 465 So. 2d at 493. At resentencing, Bates was once again sentenced to death. *See Bates v. State*, 506 So. 2d 1033 (Fla. 1987). This Court affirmed. *Id.* at 1035. In 1989, in between appeals, the Governor signed Bates's death warrant. *See Bates v. Dugger*, 604 So. 2d 457, 458 (Fla. 1992). The trial court stayed his execution and ordered a new sentencing hearing; this Court, affirming that order, found that Bates's counsel had been ineffective and ordered a new resentencing before a jury. *Id.* at 459. After that proceeding, the jury recommended a death sentence by a vote of nine to three, and the circuit court again imposed a death sentence. *Bates v. State*, 750 So. 2d 6, 9 (Fla. 1999). This Court affirmed. *Id.* at 18. Years later, Bates petitioned this Court for a writ of habeas

corpus and raised several issues about how his jury had been selected, among other claims. *See Bates v. State*, 3 So. 3d at 1097. This Court denied relief on all claims. *Id.* at 1107.

## II

Bates's effort to interview one of his jurors is 40 years late. Without a showing of good cause for the delay, his claim is time-barred. Rule 3.575 requires that a motion seeking to interview a juror "be filed *within 10 days* after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time." Fla. R. Crim. P. 3.575 (emphasis added). We have addressed rule 3.575 denials on direct appeal and in postconviction proceedings. *Compare Foster v. State*, 132 So. 3d 40, 65-66 (Fla. 2013) (affirming postconviction appeal of 3.575 denial), *and Johnston v. State*, 63 So. 3d 730, 739-40 (Fla. 2011) (same), *with Hampton v. State*, 103 So. 3d 98, 107, 122 (Fla. 2012) (affirming in a direct appeal the denial of a rule 3.575 motion). But the timing contemplated by the rule suggests that the best time for a rule 3.575 motion is on the heels of trial, and thus in connection with a direct appeal, when memories are fresh and facts more readily ascertained.

Bates does not say when he discovered the alleged family relationship between the juror and the victim. That is the end of the matter, for it is Bates's burden to establish good cause to excuse the long delay—which he is hard-pressed to do without explaining the timing of all this.[2] *Cf. Ramirez v. State*, 922 So. 2d 386, 390 (Fla. 1st DCA 2006) (stating that, after juror interviews are granted, "the initial burden will be on the defense 'either to show that prejudice resulted or that the [premature deliberations or conversations] were of such character as to raise a presumption of prejudice' " (alteration in original) (quoting *Russ v. State*, 95 So. 2d 594, 600-01 (Fla. 1957))); *Gray v. State*, 72 So. 3d 336, 338 (Fla. 4th DCA 2011) (same). That is, if he cannot establish when he learned of the alleged relationship between the juror and the victim, it is hard to assess why—or, obviously, for how long—the relevant information was unknown. The courts of our state regularly hold appellants to this burden. *See Rivet v. State*, 307 So. 3d 801, 807

_____

2. The order below indicates that the motion was filed within one year of Bates's counsel discovering the familial connection. However, Bates does not say when he learned the relevant information or shared it with his lawyer.

(Fla. 1st DCA 2018) (finding motion filed 14 days after trial was "untimely without good cause" because defense counsel discovered the issue during trial); *Belcher v. State*, 9 So. 3d 665, 666 (Fla. 1st DCA 2009) (finding motion time-barred where defense counsel raised the issue in court more than a month after learning of potential misconduct); *cf. Maiya v. Kennedy*, 743 So. 2d 1183, 1184 (Fla. 4th DCA 1999) ("The record does not demonstrate good cause to avoid the time limits of the rule; . . . there was no reason offered, by proffer or otherwise, why the search could not have been conducted within the time limits of the rule."); *Beyel Bros., Inc. v. Lemenze*, 720 So. 2d 556, 558 (Fla. 4th DCA 1998) (finding motion untimely where defendants did not file until about three months after the final verdict).[3]

---

3. *Maiya* and *Beyel Bros.* consider the civil counterpart to rule 3.575, Florida Rule of Civil Procedure 1.431(h). Rule 3.575 is a newer rule with limited precedent discussing the "good cause" requirement. *See Amends. to Fla. Rules of Crim. Proc.*, 886 So. 2d 197 (Fla. 2004) (adopting rule 3.575 for juror interviews in criminal cases, effective 2005). Cases applying the nearly identical civil rule are informative.

## III

Because Bates has failed to carry his burden of showing good cause for the 40-year delay at issue, we affirm the postconviction court's denial of Bates's motion.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Bay County,
      Dustin Stephenson, Judge
      Case No. 031982CF000661XXAXMX

Suzanne Keffer, Capital Collateral Regional Counsel, James L. Driscoll, Jr., Assistant Capital Collateral Regional Counsel, and Jeanine Cohen, Staff Attorney, Office of Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

      for Appellant

Ashley Moody, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

      for Appellee