607 So.2d 404 (1992)
Robert Anthony PRESTON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 78025.
Supreme Court of Florida.
October 29, 1992.
*406 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Robert Anthony Preston, Jr., appeals the sentence of death imposed upon him after resentencing. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Preston was convicted of murdering Earline Walker, a night clerk at a convenience store. A police officer on routine patrol discovered that Walker was missing from the store on the night of January 8, 1978. The officer also found that a sum of money was missing from the store. Walker's nude, mutilated body was found the next day in an open field a few miles from the store. She had sustained multiple stab wounds and lacerations resulting in her near decapitation.
Preston was convicted of first-degree murder, kidnapping, and robbery. He was sentenced to death. At the original sentencing, the trial court found four aggravating circumstances: (1) Preston was previously convicted of a violent felony (throwing a deadly missile into an occupied vehicle); (2) the murder was especially heinous, atrocious, or cruel; (3) the murder was committed during the course of a felony; and (4) the murder was cold, calculated, and premeditated. The trial court found no mitigating circumstances.
This Court affirmed the conviction on direct appeal. The Court struck one of the aggravating factors found by the trial judge,[1] but nevertheless affirmed the death sentence. Preston v. State, 444 So.2d 939 (Fla. 1984). We affirmed the denial of relief on Preston's first motion for postconviction relief, Preston v. State, 528 So.2d 896 (Fla. 1988), cert. denied, 489 U.S. 1072, 109 S.Ct. 1356, 103 L.Ed.2d 824 (1989), and denied his petitions for writ of error coram nobis and for writ of habeas corpus. Preston v. State, 531 So.2d 154 (Fla. 1988).
On appeal from the denial of relief on Preston's second postconviction motion, this Court vacated the death sentence and ordered resentencing. Preston's prior felony of throwing a deadly missile into an occupied vehicle had been set aside due to ineffective assistance of trial counsel, leaving *407 only two of the four aggravating circumstances found by the trial court. Because mitigating evidence was introduced at the penalty phase and because the jury recommended death by only a one-vote margin, the Court was unable to say that the elimination of this aggravating factor constituted harmless error. Preston v. State, 564 So.2d 120 (Fla. 1990).
The circuit court held a new penalty phase hearing after which the jury recommended the death sentence by a vote of nine to three. However, because it was discovered that one of the jurors had not accurately responded to voir dire interrogation, the trial court granted a new penalty phase trial. At the second resentencing hearing, a new jury unanimously recommended the death penalty. The court imposed the death penalty, finding four aggravating circumstances: (1) the murder was committed while Preston was engaged in a kidnapping; (2) the murder was especially heinous, atrocious, or cruel; (3) the murder was committed for the purpose of avoiding arrest; and (4) the murder was committed for pecuniary gain. The court found one statutory mitigating factor (Preston's age) and five nonstatutory mitigating factors but afforded the mitigation only minimal weight.
In the first issue on appeal, Preston argues that the resentencing court erred in finding aggravating circumstances not found by the trial judge in the original sentencing proceeding. At the first trial, the judge found that the murder was committed for pecuniary gain but determined that factor to be merged with the aggravating factor that the murder was committed in the course of a felony. The judge also found that the murder was not committed for the purpose of avoiding arrest. The State did not appeal those rulings. At resentencing, the State again submitted those aggravating factors and the resentencing judge found them to be established. Preston argues that the resentencing court is barred by principles of double jeopardy, res judicata, law of the case, and fundamental fairness from finding aggravating circumstances that were not found by the original sentencer.
The United States Supreme Court has held the Double Jeopardy Clause applicable to capital-sentencing proceedings. See Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). In Bullington, the Court held that a defendant sentenced to life imprisonment by a capital jury is protected by the Double Jeopardy Clause from imposition of the death penalty when his conviction is reversed and he is retried and reconvicted. The Court recognized that when a defendant obtains a reversal of his conviction on appeal, the general rule is that the slate has been wiped clean. Thus, if he is convicted again, he may be subjected to any lawful punishment. Id. at 442, 101 S.Ct. at 1860. The "clean slate" rule does not apply, however, when a conviction is reversed on grounds of insufficient evidence, i.e., where the State fails to prove its case. The Court reasoned that the capital-sentencing scheme at issue in Bullington resembled a trial on the issue of guilt or innocence, explicitly requiring the jury to determine whether the prosecution had proved its case. Thus, the jury's decision to impose a sentence of life imprisonment after the first conviction amounted to an acquittal of the death penalty under double jeopardy principles. See also Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) (Double Jeopardy Clause barred imposition of death penalty upon resentencing where trial judge had found no aggravating circumstances and entered a sentence of life imprisonment).
However, the Court has refused to extend Bullington further. In Poland v. Arizona, 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986), at the penalty phase of the defendants' capital murder trial, the State argued the existence of two statutory aggravating factors: (1) the murder was committed for pecuniary gain; and (2) the murder was especially heinous, cruel, or depraved. The sentencing judge found the heinous, cruel, or depraved factor to exist, but rejected the pecuniary gain factor, believing it to be applicable only to contract killings. The defendants were sentenced to *408 death. On appeal, the Arizona Supreme Court reversed the convictions because of trial error and remanded for a new trial. With regard to the penalty phase, the appellate court found insufficient evidence to support the finding of heinous, cruel, or depraved. The court held that the pecuniary gain factor was not limited to contract killings and determined that factor could be considered at resentencing.
The defendants were reconvicted and again sentenced to death. The trial judge found the factors especially heinous, cruel, or depraved and pecuniary gain to be present. On appeal, the Arizona Supreme Court upheld the pecuniary gain factor, but again rejected the heinous, cruel, or depraved factor for lack of sufficient evidence. However, after weighing the aggravating and mitigating circumstances, the court concluded that the death penalty was appropriate.
Upon review, the United States Supreme Court rejected the premise that a capital sentencer's failure to find a particular aggravating circumstance alleged by the prosecution constitutes an acquittal of that circumstance for double jeopardy purposes. The Court noted that the appropriate inquiry is whether the sentencing judge or reviewing court has decided that the prosecution has not proved its case that the death penalty is appropriate. Poland, 476 U.S. at 154, 106 S.Ct. at 1754. The Court refused to view a capital-sentencing proceeding as a set of mini trials on the existence of each aggravating circumstance. The Court found that the trial court's rejection of the pecuniary gain aggravating circumstance was not an "acquittal" of that circumstance for double jeopardy purposes and did not foreclose its reconsideration upon resentencing. Further, because the reviewing court did not find the evidence legally insufficient to justify imposition of the death penalty, there was no "acquittal" of the death penalty. Thus, the Double Jeopardy Clause "did not foreclose a second sentencing hearing at which the `clean slate' rule applied." Id. at 157, 106 S.Ct. at 1756.
Applying these principles to the case before us, we find that no double jeopardy violation occurred. Bullington is not applicable because neither the trial judge nor this Court on review found that the State failed to prove its case that the defendant deserved the death penalty. Because there was no acquittal of the death penalty, the State was not barred from resubmitting the aggravating factors not found by the judge in the original penalty phase proceeding. See also Zant v. Redd, 249 Ga. 211, 290 S.E.2d 36 (1982) (if death-sentenced defendant overturns sentence on technical grounds, the sentence is nullified and the State and defense start anew; on resentencing the State may offer any evidence on aggravating circumstances, including those submitted to the first jury but not listed by the jury in support of the death sentence), cert. denied, 463 U.S. 1213, 103 S.Ct. 3552, 77 L.Ed.2d 1398 (1983); State v. Koedatich, 118 N.J. 513, 572 A.2d 622 (1990) (double jeopardy did not prevent State upon resentencing from relying on aggravating factors not unanimously found by the jury in the initial sentencing proceeding); Hopkinson v. State, 664 P.2d 43 (Wyo.) (allowing resentencing jury to consider evidence concerning aggravating circumstances deemed inapplicable in first penalty hearing did not violate double jeopardy), cert. denied, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). Contra State v. Silhan, 302 N.C. 223, 275 S.E.2d 450 (1981) (if upon defendant's appeal of death sentence, the case is remanded for a new sentencing hearing, the State is precluded from relying on any aggravating circumstances of which it offered insufficient evidence at the hearing appealed from).
This Court has applied the "clean slate" rule to resentencing proceedings. We have held that a resentencing is a completely new proceeding and a resentencing judge is not obligated to find mitigating circumstances found by the first judge. See King v. Dugger, 555 So.2d 355, 358 (Fla. 1990). See also Teffeteller v. State, 495 So.2d 744 (Fla. 1986) (resentencing should proceed de novo on all issues bearing on the proper sentence). In King, we held that "a mitigating circumstance in one proceeding is *409 not an `ultimate fact' that collateral estoppel or the law of the case would preclude being rejected on resentencing." King, at 358. Moreover, we have held that a trial judge may properly apply the law and is not bound in remand proceedings by a prior legal error. Spaziano v. State, 433 So.2d 508, 511 (Fla. 1983), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).
Preston does not suggest that a resentencing judge is bound by a prior judge's rejection of mitigating circumstances. The resentencing judge here found Preston's age to be a mitigating factor while the original trial judge rejected that factor. Nor does Preston advance any basis for distinguishing between that situation and the finding of an aggravating circumstance on resentencing that was not found by the original sentencer. The basic premise of the sentencing procedure is that the sentencer consider all relevant evidence regarding the nature of the crime and the character of the defendant to determine the appropriate punishment. See § 921.141(1), Fla. Stat. (1989). This is only accomplished by allowing a resentencing to proceed in every respect as an entirely new proceeding.[2]
Next, Preston argues that the evidence does not support the finding that the murder was committed for the purpose of avoiding arrest (witness elimination). We disagree. We have long held that in order to establish this aggravating factor where the victim is not a law enforcement officer, the State must show that the sole or dominant motive for the murder was the elimination of the witness. Perry v. State, 522 So.2d 817, 820 (Fla. 1988); Bates v. State, 465 So.2d 490, 492 (Fla. 1985). However, this factor may be proved by circumstantial evidence from which the motive for the murder may be inferred, without direct evidence of the offender's thought processes. Swafford v. State, 533 So.2d 270, 276 n. 6 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989).
We have upheld the application of this aggravating circumstance in cases similar to this one, where a robbery victim was abducted from the scene of the crime and transported to a different location where he or she was then killed. See, e.g., Swafford, 533 So.2d 270 (defendant robbed gas station then took attendant to remote area where he raped and shot her); Cave v. State, 476 So.2d 180, 188 (Fla. 1985) (victim was kidnapped from store and taken thirteen miles to a rural area and killed after robbery), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986); Martin v. State, 420 So.2d 583 (Fla. 1982) (defendant robbed convenience store, abducted store employee, sexually battered and then stabbed her), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). The only reasonable inference to be drawn from the facts of this case is that Preston kidnapped Walker from the store and transported her to a more remote location in order to eliminate the sole witness to the crime.
We reject Preston's argument that the aggravating factors for pecuniary gain and during the course of a robbery and kidnapping should be considered as a single factor. See Bryan v. State, 533 So.2d 744 (Fla. 1988) (trial court properly found as separate aggravating factors that murder was committed for pecuniary gain and that murder was committed during the course of a robbery/kidnapping), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989); Bates v. State, 465 So.2d 490 (finding pecuniary gain in aggravation is not error when several felonies, including robbery, have occurred).
We also reject Preston's argument that the evidence does not support the finding that the murder was especially heinous, atrocious, or cruel. Preston forced the victim to drive to a remote location, made her walk at knifepoint through a dark field, forced her to disrobe, and then inflicted a wound certain to be fatal. Undoubtedly, the victim suffered great fear *410 and terror during the events leading up to her murder. Fear and emotional strain may be considered as contributing to the heinous nature of the murder, even where the victim's death was almost instantaneous. Hitchcock v. State, 578 So.2d 685, 693 (Fla. 1990), cert. denied, ___ U.S. ___, 112 S.Ct. 311, 116 L.Ed.2d 254 (1991); Rivera v. State, 561 So.2d 536, 540 (Fla. 1990); Adams v. State, 412 So.2d 850 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982).
Robinson v. State, 574 So.2d 108 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 131, 116 L.Ed.2d 99 (1991), upon which Preston relies is distinguishable from this case. In that case, we found the heinous, atrocious, or cruel factor to be inapplicable where the evidence indicated that the defendant and his accomplice had assured the victim that they planned to release her and did not intend to kill her. There was no evidence of similar assurances. We reject Preston's argument that the aggravating factor of heinous, atrocious, or cruel is unconstitutionally vague. Because of this Court's narrowing construction, the United States Supreme Court upheld the aggravating circumstance of heinous, atrocious, or cruel against a vagueness challenge in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Unlike the jury instruction found wanting in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), the full instruction on heinous, atrocious, or cruel now contained in Florida Standard Jury Instructions in Criminal Cases, which is consistent with Proffitt, was given in Preston's case.
Preston argues that he was denied due process by the admission of irrelevant evidence. The medical examiner testified about the autopsy of the victim. According to his testimony, the initial wound was to the victim's neck. The victim immediately lost consciousness and/or died. Defense counsel objected on the grounds of relevance to any testimony about injuries inflicted after the initial wound. The trial court overruled the objection. We find no error in the admission of the testimony concerning the wounds inflicted after the initial neck wound. Injuries inflicted after the victim was rendered unconscious are part of the criminal episode. The medical examiner's testimony demonstrated the deliberate nature of the crime and refuted Preston's claim that he was in a PCP-induced frenzy at the time of the murder. Further, the jury was specifically instructed that it could not consider injuries inflicted after the victim lost consciousness in determining whether the murder was especially heinous, atrocious, or cruel.
Preston also claims error in the admission of photographs of the victim's body during the resentencing hearing. The court overruled Preston's objection to the photographs. The photographs reveal numerous wounds on the victim's body, including injuries to her breasts and vagina. Preston argues that because these wounds were inflicted after the victim died or was rendered unconscious, the pictures showing those wounds were not relevant to any aggravating circumstance.
The trial court has discretion, absent abuse, to admit relevant photographic evidence. Thompson v. State, 565 So.2d 1311, 1314 (Fla. 1990). The fact that photographs are gruesome does not render their admission an abuse of discretion. Id. at 1315. Sentencing juries are not expected to make their recommendations in a vacuum. "[I]t is within the sound discretion of the trial court during resentencing proceedings to allow the jury to hear or see probative evidence which will aid it in understanding the facts of the case in order that it may render an appropriate advisory sentence." Teffeteller v. State, 495 So.2d at 745.
We find no abuse of discretion in the admission of these photographs. The State introduced only two photographs of the victim. The medical examiner and the deputy sheriff who initially investigated the case used the photographs during their testimony. The photographs were relevant to the circumstances of the murder, in that they show the field the victim was forced to walk across, that she was forced to strip to her tennis shoes, then brutally killed. Further, the deliberate nature of the *411 wounds was relevant to refute Preston's claim that the murder was committed in a PCP-induced frenzy.
Next, Preston argues that the lower court erred in refusing to permit evidence that he claims was relevant to statutory mitigating circumstances. Pursuant to the State's motion in limine, the court refused to allow Preston to present the testimony of two witnesses who would have testified that Preston's brother, Scott, told them that he committed the murder. The affidavits of the two potential witnesses were made a part of the record. One witness would have testified that Scott Preston told him that he and another person committed the robbery and murder. The other witness would have testified that Scott told him that he committed the murder and that Robert Preston was drunk, high, and passed out at the time.
Preston claims that this evidence was relevant to establish the mitigating circumstances that he was an accomplice in a murder committed by another and that he acted under extreme duress or the substantial domination of another. The testimony the two witnesses would have given does not tend to establish either of these mitigating factors. The only relevance of the testimony was to suggest that someone else committed the murder, thereby creating residual doubt about the defendant's guilt of the crime. Residual doubt is not an appropriate nonstatutory mitigating circumstance. King v. State, 514 So.2d 354 (Fla. 1987), cert. denied, 487 U.S. 1241, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). The trial court properly excluded this testimony.
Next, Preston argues that the trial court erred in refusing to find the existence of the two statutory mental health mitigating factors. Preston presented expert testimony that he was under the influence of an extreme mental or emotional disturbance and that his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired. Experts testified that Preston suffered from poly-substance abuse and was under the influence of PCP at the time of the offense.
With regard to the factor of extreme mental or emotional disturbance, the trial court found the following:
The evidence does reveal that [Preston] used drugs regularly, including PCP. Before the Defendant left his home on the night he committed the crimes ... he smoked marijuana and drank alcoholic beverages with his brother Scott Preston and Donna Maxwell Hotaling. However, although Preston asked his brother Scott to assist him in ingesting PCP, this request was refused. There is no evidence in the record that anyone saw Preston ingest PCP the night of the murder. When he returned the next morning, he appeared to be high on PCP, and expert witnesses also opined that some of his behavior was consistent with PCP ingestion. The only direct evidence that Preston had taken PCP that night, however, was Defendant's own testimony.
Preston's actions the night of the murder also indicate that he was capable of planning and of deliberate thought. He told his brother and Ms. Hotaling that he wanted to commit a robbery to obtain money, and tried to enlist the cooperation of Scott Preston. He robbed the store. He took money and food stamps. He did not kill Ms. Walker at the store, but rather forced her to drive him to another location in her own car. He caused her to drive to a location which was somewhat remote. Once there, he forced her to walk some distance from her car. He required her to disrobe first. Then he inflicted a wound which was certain to be fatal.
The Court therefore concludes that though the evidence does reveal that the Defendant was under the influence of some drugs the night of the murder, he was not intoxicated to the point of extreme mental or emotional disturbance sufficient to establish a legal basis for this statutory mitigating circumstance. In fact, although Preston has not argued that this drug use should be considered as a nonstatutory mitigating circumstance, *412 the Court finds that his drug and alcohol use does not even rise to the level of a nonstatutory mitigating circumstance.
The court relied on the same analysis with regard to the other statutory mental mitigating factor. In addition, the court stated:
Of particular note is the fact that he took steps to avoid detection, such as committing the murder away from the store, and walking the victim a good distance away from her car before killing her. This evidence indicates that his capacity to appreciate the criminality of his conduct was not substantially impaired. The Court further finds that he was capable of conforming his conduct to the requirements of law.
The decision as to whether a mitigating circumstance has been established is within the trial court's discretion. Reversal is not warranted simply because an appellant draws a different conclusion. Sireci v. State, 587 So.2d 450 (Fla. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1500, 117 L.Ed.2d 639 (1992); Stano v. State, 460 So.2d 890 (Fla. 1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 863 (1985). The trial court's determination regarding the establishment of these mitigating factors is supported by competent, substantial evidence.
We also reject Preston's claim that the death penalty is not proportionally warranted. The four aggravating factors present in this case outweigh the single statutory mitigating factor and the minimal nonstatutory mitigation offered by Preston. This cruel, cold-blooded killing clearly falls within the class of murders for which the death penalty may be properly administered.
Finally, we find no error in the trial court's refusal to give two special instructions requested by defense counsel.
Accordingly, we affirm the sentence of death.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The Court eliminated the finding that the murder was cold, calculated, and premeditated.
[2] We also reject Preston's argument with respect to this claim that the resentencing court exceeded this Court's mandate. This Court did not address or in any way limit the scope of the aggravating factors to be considered on resentencing.