SILBERMAN, Judge.
Harlan Hillenbrand appeals his convictions and argues that the trial court erred by not inquiring into whether he consented to his counsel’s admission of guilt during trial. Because the issue is not properly raised on direct appeal, we affirm.
During opening statements, Hillenb-rand’s counsel told the jury that Hillenb-rand was guilty of resisting arrest, battery on a law enforcement officer, and battery on police dogs, but that the evidence did not support the other charges of theft and attempted murder of a law enforcement officer. Hillenbrand argues, and the State concedes, that this case should be remanded for an evidentiary hearing under Nixon v. Singletary, 758 So.2d 618 (Fla.2000), because the trial court did not inquire into Hillenbrand’s consent to the admission of guilt.
The issue before us actually appears to be the ineffective assistance of counsel because of counsel’s admission of guilt on behalf of Hillenbrand. Nixon, 758 So.2d at 623. Ineffectiveness of counsel is an issue that is generally not cognizable on direct appeal. Lawrence v. State, 691 So.2d 1068, 1074 (Fla.1997); Cowan v. State, 725 So.2d 1153, 1154 (Fla. 2d DCA 1998). The issue is only reviewed on direct appeal if the ineffectiveness is apparent on the face of the record. Eure v. State, 764 So.2d 798, 801 (Fla. 2d DCA 2000).
Whether Hillenbrand consented to the trial strategy of counsel in admitting *1154 guilt must be resolved in order to determine the issue of ineffectiveness of counsel. The trial court did not have the benefit of the decision in Nixon and did not conduct an inquiry to determine Hillenb-rand’s consent. See Nixon, 758 So.2d at 623-24. Because an evidentiary hearing is required and the issue cannot be addressed on direct appeal, Hillenbrand has the right to seek relief by filing a timely motion pursuant to Florida Rule of Criminal Procedure 3.850.
Affirmed.
THREADGILL, A.C.J., and SALCINES, J., Concur.